USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPEEDY SIMULATOR GAMING, LLC and SPYDER GAMES, LLC,

Plaintiffs,

-v-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

26-cv-8931 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

On October 13, 2026, Plaintiffs Speedy Simulator Gaming, LLC ("Speedy Simulator") and Spyder Games, LLC ("Spyder Games" and with Speedy Simulator, "Plaintiffs") filed this action for copyright infringement. Dkt. No. 1. Plaintiffs created the "STEAL A BRAINROT" videogame and complain of infringement by sellers of goods that reproduce copyrighted content from the videogame. *Id.* ¶ 9; Dkt. No. 9 at 2–3. On October 22, 2026, Plaintiffs filed a motion for an *ex parte* temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b)(1) that would enjoin the complained-of counterfeiting and freeze the assets of the alleged counterfeiters held in third-party e-commerce platforms and payment intermediaries. Dkt. No. 8; *see also* Dkt. No. 9 at 9–12; Dkt. No. 14 at 5–6. The motion is denied without prejudice.

Federal Rule of Civil Procedure 10(a) requires the title of a complaint to "name all the parties." Fed. R. Civ. P. 10(a). Plaintiffs purport to discharge that obligation by referring in the caption to "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON

SCHEDULE A TO THE COMPLAINT." Assuming without deciding that Rule 10(a) can be satisfied by incorporation by reference,[1] Plaintiffs have not filed a "Schedule A," even under seal. Plaintiffs have filed an "Exhibit 2" to the complaint under seal ("Exhibit 2"), which, as they state in their publicly filed complaint, contains "[s]creenshot evidence showing each Defendant on Schedule A selling infringing [c]ounterfeit [p]roducts." Dkt. No. 1 ¶ 25. And they have also filed under seal an "Exhibit 1" to a declaration filed by Yingchun Hou in support of the motion for a TRO ("Hou Exhibit") that, as Hou attests on the public docket, demonstrates Plaintiffs' inability "to verify a current physical address associated with any of the fourteen Defendants." Dkt. No. 12 ¶ 11. But without the "Schedule A" referenced in the complaint, the Court cannot confirm who, in fact, the defendants are whom Plaintiffs seek to restrain. The motion is therefore denied.[2]

Should Plaintiffs decide to refile their motion, correcting the foregoing error, the Court would benefit from further briefing and perhaps further evidence on the following issues.

First, the Second Circuit has stated that a court may not grant preliminary relief unless it has "in personam jurisdiction over a party." *Visual Scis., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 59 (2d Cir. 1981); *see also In re Rationis Enterps., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party

---

[1] At least one court has ruled in a similar context that the practice of "incorporat[ing] the names of . . . [d]efendants by reference . . . 'does not satisfy Rule 10(a) or achieve its intended purpose.'" *Derry Prods., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2021 WL 3932049, at *1 (C.D. Cal. Mar. 18, 2021) (quoting *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 58 n.4 (D. Mass. 2015)). Rule 10(a) "is not a mere procedural nicety," but rather "protects the public's legitimate interest in knowing which disputes involving which parties are before the federal courts." *Belanger*, 307 F.R.D. at 58 n.4 (internal quotation marks omitted and alterations incorporated).

[2] For the same reason, the Court also denies the other relief Plaintiffs seek alongside a TRO: "expedited discovery, electronic notice of the TRO, service of process on Defendants via e-mail, and an order to show cause." Dkt. No. 9 at 1.

over whom it does not have personal jurisdiction.”).[3] Where “a challenge to personal jurisdiction is interposed on an application for a preliminary injunction, the district court must determine that the party moving for the injunction has established ‘at least a reasonable probability of ultimate success on the question of the court’s in personam jurisdiction’ over the non-moving party.” *Twin Beauty LLC v. NR Interactive LLC*, 2024 WL 5108153, at *2 (E.D.N.Y. Dec. 14, 2024) (quoting *Lam Yeen Leng v. Pinnacle Performance Ltd.*, 474 F. App’x 810, 813 (2d Cir. 2012) (summary order)). “This is a higher standard than the ‘prima facie showing of jurisdiction’ a plaintiff must make to defeat a Rule 12(b)(2) motion to dismiss.” *Id.* (quoting *Homeschool Buyers Club, Inc. v. Brave Writer, LLC*, 2020 WL 1166053, at *7 (S.D.N.Y. Mar. 11, 2020)).[4] The Second Circuit does not appear to have explicitly addressed whether, in the absence of a challenge to personal jurisdiction, a temporary restraining order or a preliminary injunction may be issued on the basis of the well-pleaded allegations of a complaint, as opposed to some evidentiary showing. Plaintiffs’ complaint identifies three bases for personal jurisdiction: (1) N.Y. C.P.L.R. § 302(a)(1), which allows for jurisdiction where a defendant “transacts any business within the state”; (2) N.Y. C.P.L.R. § 302(a)(3), which allows for jurisdiction where a defendant “commits a tortious act without the state[,] causing injury to person or property within the state” and the defendant either “regularly does . . . business . . . in the state” or “expects or

---

[3] The Second Circuit later held that, in order to grant a motion for a default judgment, a court “may” assure itself that it has personal jurisdiction over the defendant without necessarily requiring that it do so. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (internal quotation marks omitted) (leaving open the question whether a district court must investigate its personal jurisdiction over a defendant before entering a default judgment). Because the Court denies the application for a TRO on the basis of Rule 10(a), it need not address how to reconcile the statements in *Mickalis* with the earlier holding in *Visual Sciences*.

[4] Courts in this Circuit “appl[y] the same standard to applications for a preliminary injunction and a temporary restraining order.” *Helio Logistics, Inc. v. Mehta*, 2023 WL 1517687, at *2 (S.D.N.Y. Feb. 3, 2023).

should reasonably expect the act to have consequences in the state and derives substantial revenue from . . . international commerce"; and (3) Federal Rule of Civil Procedure 4(k)(2), which allows jurisdiction over a defendant for a claim under federal law where "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction."[5] Dkt. No. 1 ¶ 3.

Neither the complaint nor the declarations submitted in support of the motion for a TRO provide a basis for the exercise of personal jurisdiction under N.Y. C.P.L.R. § 302(a)(3) or Federal Rule of Civil Procedure 4(k)(2). As to the former, a declaration from Plaintiffs' consultant Jay Harvey Paragoso ("Paragoso Declaration") attests in conclusory fashion that "[a]ll the injuries and damages described above are taking place in the United States, including in New York." Dkt. No. 10 ¶ 17. The complaint alleges that Speedy Simulator is a Wyoming limited liability company and Spyder Games is a Louisiana limited liability company. Dkt. No. 1 ¶ 7. It does not indicate either company's principal place of business. "Whether the plaintiff's injury occurred 'in' New York for purposes of § 302(a)(3) generally depends on 'a situs-of-injury test, which asks courts to locate the original event which caused the injury.'" *Creative Photographers, Inc. v. Grupo Televisa, S.A.B.*, 2024 WL 1533189, at *10 (S.D.N.Y. Apr. 8, 2024) (alteration incorporated) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001)). The location of that event is analytically distinct from "the location where the resultant damages are felt by the plaintiff." *Id.* (quoting *Whitaker*, 261 F.3d at 209). Plaintiffs have made no allegations, submitted no evidence, and advanced no arguments that the original event which caused their injury was in New York. And even if the allegation from the Paragoso Declaration were enough to show that *each* Defendant caused an injury in New York, it does not

[5] The "exercise of jurisdiction under" any of these provisions must also be "consistent with federal due process requirements." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

establish that any Defendant "regularly does or solicits business . . . in the state" or "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from . . . international commerce." N.Y. C.P.L.R. § 302(a)(3). Plaintiffs' declarants and the complaint do not satisfy the requirements of Rule 4(k)(2), because they do not "certify that, to their knowledge, [Defendants are] not subject to jurisdiction in any other state." *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 125 (S.D.N.Y. 2020). "In this Circuit, plaintiffs need to certify that the foreign defendants are not subject to jurisdiction in any other state to meet the . . . requirement[s] of Fed. R. Civ. P. 4(k)(2)." *Minden Pictures, Inc. v. Grupo Televisa, S.A.B.*, 738 F. Supp. 3d 458, 469 (S.D.N.Y. 2024) (internal quotation marks omitted); *see also Grupo Televisa, S.A.B.*, 2024 WL 1533189, at *13–14.

The exercise of personal jurisdiction thus must turn upon N.Y. C.P.L.R. § 302(a)(1). To establish jurisdiction under N.Y. C.P.L.R. § 302(a)(1), "two requirements must be met: (1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy, PC L. Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013)). The first element—that the defendant must have transacted business within the state—is satisfied if the defendant "purposefully avails itself of the privilege of conducting activities within New York," and thereby "invok[es] the benefits and protections" of New York law such that it "should reasonably expect to defend its actions here." *Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830, 834–35 (N.Y. 2007) (internal quotation marks omitted and alteration incorporated); *see also Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 61 (2d Cir. 2012). Section 302(a)(1) is a "single act statute," meaning that "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here

were purposeful." *Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 850 N.E.2d 1140, 1142 (N.Y. 2006) (quoting *Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40, 43 (N.Y. 1988)). "As for the second part of the test,"—that the claim asserted must arise from that business activity—"a suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks omitted and alteration incorporated). "A connection that is 'merely coincidental' is insufficient to support jurisdiction." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006).

The complaint contains the barebones allegation that, "[a]ccording to Plaintiff[s'] test purchases, Defendants' internet-based stores offer for sale and accept orders of Counterfeit Products from and offer to ship such Counterfeit Products to New York addresses." Dkt. No. 1 ¶ 5. The declaration from Plaintiffs' counsel Shengmao Mu ("Mu Declaration") qualifies that the statement in the complaint is made only "upon information and belief" and adds, "I do not state that counsel or counsel's staff completed purchases from every Defendant because the declarations and Complaint on which I rely do not establish that fact." Dkt. No. 11 ¶ 10. The Paragoso Declaration merely attests that "numerous fully interactive e-commerce stores, including those operating [Defendants'] [s]eller [a]liases, . . . were offering for sale and/or selling infringing products embodying [Plaintiffs' copyrighted works] to consumers in this Judicial District and throughout the United States." Dkt. No. 10 ¶ 10; *see also id.* ¶ 13 (similar). The Paragoso Declaration refrains from making the assertion that any of the Defendants, much less all of them, actually sold any infringing products to consumers in the State of New York—or even entered into any transaction at all with such consumers.

"The law is now settled that 'the mere availability of the site to users in New York, standing alone, does not amount to transacting business in the state for purposes of section 302(a).'" *Grupo Televisa, S.A.B.*, 2024 WL 1533189, at *7 (quoting *Megna v. Biocomp Laboratories Inc.*, 166 F. Supp. 3d 493, 496–500 (S.D.N.Y. 2016)); *see also Freeplay Music, Inc. v. Cox Radio, Inc.*, 2005 WL 1500896, at *7 (S.D.N.Y. June 23, 2005) (Lynch, J.) ("It stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website . . . without some evidence or allegation that commercial activity in that state actually occurred or was actively sought."). In contrast, in *American Girl, LLC v. Zembrka*, 118 F.4th 271, 277 (2d Cir. 2024), the Second Circuit held that the exercise of personal jurisdiction over a defendant comported with N.Y. C.P.L.R. § 302(a)(1) where its website "accepted orders with New York shipping addresses, sent confirmatory emails with New York shipping addresses containing commitments to ship to those New York addresses, and accepted payments from a customer with a New York address." In other words, jurisdiction existed because the defendant's website had facilitated a "transaction" in New York. *Id.* at 278.

Should Plaintiffs resubmit their application for a TRO then, they should address (1) whether the Court may exercise personal jurisdiction on the basis of a complaint's allegations alone (and, if so, how to reconcile the allegation in the complaint with the Mu Declaration); and (2) whether the allegations and/or evidence submitted by Plaintiffs satisfy the *American Girl* standard.

Finally, should Plaintiffs seek to renew their request for injunctive relief, the Court will require further argument and perhaps evidence regarding the irreparable harm Plaintiffs fear if

Defendants are not restrained.[6] Plaintiffs refer generally to "loss of control of reputation, loss of trade, and loss of goodwill." Dkt. No. 9 at 6; *see also* Dkt. No. 10 ¶¶ 12–16. Plaintiffs also argue that they will suffer irreparable harm in the absence of a restraining order (including a freezing of Defendants' accounts) because if the Court did not issue such an order, Defendants would "transfer proceeds before relief can take effect" (*i.e.*, before the Court could render a final judgment). Dkt. No. 9 at 7. A showing of loss of reputation and goodwill can support the issuance of a TRO and a preliminary injunction. *See Broad Brook Ventures LLC v. DW Russell LLC*, 2026 WL 472423, at *5 (S.D.N.Y. Feb. 19, 2026) (concluding that plaintiff "substantiate[d] its argument of market confusion" where it "cite[d] negative product reviews about the efficacy and durability of [the infringing] products" and "the sales history of [the infringing] products to support [its] allegation of [its] own loss in sales and market share"). But a "plaintiff must do more than assert that [consumer] confusion itself will irreparably injure them, and conclusory statements of loss of reputation and goodwill constitute an insufficient basis for a finding of irreparable harm." *Two Hands IP LLC v. Two Hands Am., Inc.*, 563 F. Supp. 3d 290, 301 (S.D.N.Y. 2021) (internal quotation marks and citations omitted). Likewise, even where monetary damages can be calculated, a court may issue a preliminary injunction if "the defendant is insolvent, is on the verge of insolvency, or has tried to transfer or conceal assets." *Gamerun*, 2026 WL 2169847, at *8 (quoting *Pamlab, L.L.C. v. Macoven Pharms., L.L.C.*, 881 F. Supp. 2d 470, 480 (S.D.N.Y. 2012)); *see also In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985) ("[E]ven where the ultimate relief sought is money damages, federal

---

[6] In contrast to the issue of personal jurisdiction, the law is clear that a plaintiff "must offer proof beyond the unverified allegations of the pleadings" in order "to establish [that] the situation meets the standard for a preliminary injunction." *Gamerun Inc. v. Insalaco*, 2026 WL 2169847, at *6 (S.D.N.Y. July 28, 2026) (quoting *Stern v. Highland Lake Homeowners*, 2021 WL 1164718, at *5 (S.D.N.Y. Mar. 26, 2021)).

courts have found preliminary injunctions appropriate where it has been shown that the defendant intended to frustrate any judgment on the merits by transferring its assets out of the jurisdiction." (internal quotation marks omitted and alterations incorporated)). But Plaintiffs must make a showing that the harm that they will suffer before judgment is issued cannot be repaired through a money judgment. They cannot just assert it. Finally, though Plaintiffs argue that an asset freeze is also necessary to preserve their right to "an equitable accounting of Defendants' profits," Dkt. No. 9 at 7, 9–11, the pursuit of an equitable remedy on its own does not render Plaintiffs' harm irreparable.[7] Plaintiffs must still demonstrate that their ability to obtain that accounting would be irreparably harmed without a prejudgment asset freeze. *Cf. Gucci Am., Inc. v. Weixing Li*, 2011 WL 6156936, at *1 (S.D.N.Y. Aug. 23, 2011) (Sullivan, J.) (awarding prejudgment asset freeze where plaintiffs presented "evidence that certain Defendants had wired proceeds of the counterfeit sales operation to [overseas] accounts"), *vacated on other grounds*, 768 F.3d 122 (2d Cir. 2014). The evidence submitted by Plaintiffs contains no further elaboration of the risk of irreparable harm and the memorandum of law contains no argument

---

[7] The Court assumes that Plaintiffs' reference to an equitable accounting refers to the recovery of profits as permitted under Section 504(b) of the Copyright Act. *See Boyd v. Webster*, 2026 WL 658389, at *8 (S.D.N.Y. Mar. 9, 2026) ("[T]he Copyright Act does not provide for a standalone 'accounting' remedy."); *Affiliated Recs. Inc. v. Taylor*, 2012 WL 1675589, at *6 (S.D.N.Y. May 14, 2012) (explaining that "accounting of profits attributable to defendant['s] . . . infringement . . . is properly pursued as a remedy" under Section 504(b)). And the Court further assumes that the recovery of profits under the Copyright Act is an equitable remedy, at least for present purposes. *See Rearden, LLC v. Walt Disney Pictures*, 152 F.4th 1058, 1074 (9th Cir. 2025) ("Congress enacted the Copyright Act's damages provisions against a historical backdrop that generally understood disgorgement of profits as a form of equitable relief."); *see also Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 668 & n.1 (2014) (acknowledging "the protean character of the profits-recovery remedy" under the Copyright Act and treating it as "equitable" for the purposes of concluding that it could be subject to laches (internal quotation marks omitted)); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014) (recognizing "an accounting . . . under the Lanham Act" as an equitable remedy).

why the conclusory information submitted by Plaintiffs should be considered enough to satisfy the irreparable harm requirement. The Court would benefit from further discussion of this issue.

This is all to say, "a temporary restraining order is an extraordinary remedy that will not be granted lightly." *Walter Sedovic Architect, P.C. v. Alesandro*, 1998 WL 146235, at *1 (S.D.N.Y. Mar. 26, 1998).

**CONCLUSION**

The Court denies Plaintiffs' *ex parte* motion for a temporary restraining order without prejudice. The Clerk of Court is respectfully directed to close Dkt. No. 8.[8]

SO ORDERED.

Dated: October 26, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

[8] Plaintiffs also filed with the Court a motion to seal Exhibit 2, the Hou Exhibit, and the seemingly unfiled Schedule A. Dkt. No. 6. The Court will hold the motion in abeyance pending any renewed motion for a temporary restraining order provided that such motion is filed within two weeks of the date of this Order.